**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| **David and Shaila Black,** | Bankruptcy No. 14-11774 |
| Debtors. | Honorable Bruce W. Black |

**COVER SHEET FOR FIRST AND FINAL**
**FEE APPLICATION OF FACTORLAW**

| | |
|---|---|
| Name of Applicant: | Law Offices of William J. Factor, LTD. |
| Authorized to Provide Professional Services to: | Zane Zielinski, Chapter 7 Trustee for the estate of David and Shaila Black |
| Period for Which Compensation is Sought: | August 14, 2015 through February 9, 2016. |
| Amount of Fees Sought: | $6,726.50 |
| Amount of Expense Reimbursement Sought: | $57.10 |
| This is a: | First and Final Application |

The aggregate amount of fees and expenses *paid* to the Applicant to date for services rendered and expenses incurred herein is: $    0.00    .

{00053179}

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| **David and Shaila Black,** | Bankruptcy No. 14-11774 |
| Debtors. | Honorable Bruce W. Black |

## NOTICE OF APPLICATION

**Please take notice** that on **February 26, 2016, at 9:00 a.m.** or as soon thereafter as counsel may be heard, the undersigned attorneys shall appear before the Honorable Bruce W. Black in his usual Courtroom on the 2nd Floor of the Joliet City Hall building, at 150 West Jefferson Street on Joliet, Illinois, or in his absence, before any other judge who may be sitting in his place or stead, and shall then and there present the *First and Final Application for Compensation of FactorLaw and Reimbursement of Expenses*, a copy of which is attached hereto and herewith served upon you.

Dated: February 10, 2016                THE LAW OFFICE OF WILLIAM J.
                                        FACTOR, LTD.

                                        By: */s/ Sara E. Lorber*

Sara E. Lorber (6229740)
Ariane Holtschlag (6294327)
**FACTORLAW**
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel:    (312) 878-4830
Fax:    (847) 574-8233

{00053179}

## CERTIFICATE OF SERVICE

I, Sara E. Lorber, an attorney, hereby certify that on February 10, 2016, pursuant to Section II.B.4 of the Administrative Procedures for the Case Management/Electronic Case Filing System and Fed.R.Civ.P. 5(a), I caused a copy of the foregoing ***Notice of Application*** and the accompanying ***First and Final Interim Application for Compensation of FactorLaw and Reimbursement of Expenses*** be served electronically through the Court's Electronic Notice for Registrants on all persons identified as Registrants on the Service List below and by US Mail (without exhibits) on all parties in interest identified as Non-Registrants below and also to all parties in interest identified on the attached Service List.

*/s/ Sara E. Lorber*

## SERVICE LIST

**Registrants**
(Service via ECF)

- **Denise A Delaurent**   USTPRegion11.es.ecf@usdoj.gov, Denise.DeLaurent@usdoj.gov;maria.r.kaplan@usdoj.gov
- **Ariane Holtschlag**   aholtschlag@wfactorlaw.com, bharlow@wfactorlaw.com;gsullivan@ecf.inforuptcy.com
- **Patrick S Layng**   USTPRegion11.ES.ECF@usdoj.gov
- **Marc C Scheinbaum**   amerlincat@aol.com
- **Thomas B Sullivan**   tsullivan@wfactorlaw.com, IL19@ecfcbis.com;gsullivan@ecf.inforuptcy.com
- **Stephen J West**   tmalaw@sjwlawott.com
- **Zane L. Zielinski**   zzielinski@wfactorlaw.com, zzielinski@ecf.epiqsystems.com;nbouchard@wfactorlaw.com;bharlow@wfactorlaw.com;zzielinski@wfactorlaw.com
- **Zane L. Zielinski**   trustee@zanezielinski.com, zzielinski@ecf.epiqsystems.com;nbouchard@wfactorlaw.com;bharlow@wfactorlaw.com;zzielinski@wfactorlaw.com

**Non-Registrants**
(Service via U.S. Mail)

**Atlas Acquisitions LLC (First Premier Bank)**
294 Union St.
Hackensack, NJ 07601

**World Finance**
2744 Columbus St.
Ottawa, IL 61350

**Creditors Collection Bureau**
P.O. Box 63
Kankakee, IL 60901

**David and Shaila Black**
306 W. Frech St.
Streator, IL 61364

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| **David and Shaila Black,** | Bankruptcy No. 14-11774 |
| Debtors. | Honorable Bruce W. Black |

**FIRST AND FINAL INTERIM APPLICATION OF FACTORLAW FOR COMPENSATION**

The Law Office of William J. Factor, Ltd. ("*FactorLaw*"), counsel for Zane Zielinski, not individually but as the chapter 7 trustee (the "*Trustee*") of the bankruptcy estate of David Black and Shaila Black (the "*Debtors*"), hereby submits its first and final fee application (the "*Application*") pursuant to 11 U.S.C. §§ 330, 331 and 507(a)(1) seeking compensation totaling **$6,726.50** for legal services performed by FactorLaw and reimbursement of expenses totaling **$57.10** during the period August 14, 2015, through and including February 9, 2016 (the "***Application Period***"). In support of its Application, FactorLaw states as follows:

**JURISDICTION**

1. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, and Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois.

2. Venue of the above-captioned case (the "*Case*") and of this motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(1) and (b)(2)(A).

**BACKGROUND**

4. On March 31, 2014 (the "*Petition Date*"), the Debtors filed a voluntary petition for relief under Chapter 7 of the Title 11 of the United States Code (the

{00053179}

"*Bankruptcy Code*") in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division.

 5. Thomas Sullivan was appointed as the chapter 7 trustee. Trustee Sullivan conducted a meeting of creditors on May 8, 2014. He thereafter filed a no asset report (Dkt. No. 14), the Debtors received their discharge (Dkt. No. 19), and the Case was closed on July 11, 2014 (Dkt. No. 22).

 6. After the Case was closed and outside the supervision of trustee Sullivan or this Court, David Black retained the law firm of Pulaski & Middleman, LLC to pursue undisclosed his personal injury and related claims (the "*PI Claims*"). Later, two additional firms were retained by David in connection with the PI Claims, Freese & Goss, PLLC and Mathews & Associates.

 7. On or about July of 2014, David "*opted in*" to a global settlement (the "*Settlement*") pursuant to David received a gross settlement award of $144,586.40 (the "*Settlement Sum*") in exchange for full releases of the PI Claims.

 8. The Office of the United States Trustee discovered the Settlement, and then filed a motion to reopen the Case on May 18, 2015. (Dkt. No. 22).

 9. On May 29, 2015, this Court entered an order re-opening the Case, and Zane Zielinski was appointed as the successor trustee. (Dkt. No. 24).

 10. On August 7, 2015, the Trustee filed an application to employ FactorLaw as his general bankruptcy counsel, and for the purpose of evaluating whether the Settlement was beneficial to the bankruptcy estate and should be adopted by the Trustee. (Dkt. No. 30). On August 14, 2015, the Court entered an order approving the application. (Dkt. No. 31).

 11. After the Trustee and FactorLaw investigated the Settlement and underlying PI Claims, the Trustee filed a combined motion to retroactively approve the Settlement, employ the counsel retained by David as special counsel to the Trustee, and to pay special counsel a contingency fee. The combined motion was granted on November 20, 2015. (Dkt. No. 33).

**FEE APPLICATION**

12. To aid the Court in its review of this Application, FactorLaw has divided this Application into two parts: Part I describes the services (the "*Services*") provided by FactorLaw to the Trustee by category of services; and Part II describes the manner in which fees and expenses were calculated by the Trustee's attorneys.

**I.  Services Performed**

13. The Firm maintains contemporaneous written records of the time expended by its professionals.

14. Such records for the Case, copies of which are grouped and attached hereto as **Exhibit A**, set forth in detail: (a) the Services rendered by the Firm, (b) the dates upon which such Services were rendered; (c) the amount of time spent on the Services; and (d) the professionals who performed the Services.

    A.  *Summary of Services by professional.*

15. The fees for Services provided by FactorLaw during the Application Period are itemized by professional as follows:

| Professional | Title | Hourly Rate | Total Hours | Value[1] |
|---|---|---|---|---|
| Sara E. Lorber | Partner | $325 | 1.6 | $357.50 |
| Gabriel P. Hardy | Of Counsel | $330 | 10.30 | $3,399.00 |
| Ariane Holtschlag | Associate | $250 | 12.10 | $2,512.50 |
| Christopher Williams | Law Clerk | $75 | 7.50 | $457.50 |
|  |  | Totals: | 32.50 | **$6,726.50** |

---

[1] All of the values set forth herein reflect the voluntary reductions of fees shown on Exhibit A, and discussed herein.

B.   *Itemization of fees by category of Services rendered.*

16.  **Administration = $2,728.50**

FactorLaw professionals spent 13.3 hours at a cost of $2,728.50 on matters relating to the administration of the Case, including primarily, preparing and prosecuting the motion to approve the Settlement and to retain special counsel, and communicating with the Trustee about the Case.

17.  **Claims/Asset Analysis = $3,310.00**

18.  FactorLaw professionals spent 16.5 hours at a cost of $3,310.00 on matters relating to analyzing the Settlement and the underlying PI Claims, including primarily, reviewing, analyzing and evaluating whether (a) the PI claims were property of the Estate, (b) the Trustee should adopt or set aside the services provided by the personal injury counsel retained by David, and (b) the Trustee should adopt the Settlement.

19.  **Fee Application = $688.00**

20.  FactorLaw professionals spent 7.8 hours at a cost of $688.00 on preparing this fee application. The cost set forth here represents a 50% reduction to FactorLaw's actual hourly fees incurred.

II.  **Calculation of Time, Fees and Expenses**

21.  This is FactorLaw's first and final application for compensation for the Application Period.

22.  The hourly rates charged are the regular hourly rates charged by FactorLaw to its clients.

23.  FactorLaw has also incurred **$57.10** in expenses related to this case in connection with copying and serving the supplemental bar date notice to all creditors.

24.  FactorLaw has voluntarily written off all expenses related to fax charges and copy charges. In addition, FactorLaw does not bill its clients or seek compensation in this Application for its overhead expenses. The expenses listed above are actual out of pocket costs advanced by FactorLaw.

{00053179}                                     4

25. FactorLaw worked to avoid any duplication of effort, and in instances where more than one attorney billed for a project, there was either a need for multiple attorneys' involvement, or the time of one of the attorneys was voluntarily written off.

26. No agreement or understanding exists between FactorLaw and any other person for the sharing of compensation received or to be received in connection with this Case, other than as disclosed or authorized pursuant to 11 U.S.C. §§ 327, 328, 330 and 331. *See also* Supplemental Declaration of Sara E. Lorber attached as **Exhibit B**.

27. No compensation has been promised to FactorLaw other than as disclosed or approved by this Court. FactorLaw certifies that there is no agreement between the firm and any other party regarding the sharing of fees except with the firm's partners, nor has the firm discussed or negotiated the amount of its fees with any party except the Trustee.

28. Finally, FactorLaw represents that it is and remains a disinterested party and does not hold any relationship adverse to the Estate.

### BASIS FOR THE REQUESTED RELIEF

29. Under Section 330(a)(1)(A), the Court may award a professional person "reasonable compensation for actual, necessary services rendered[.]" 11 U.S.C. § 330(a)(1)(A). Section 330(a) further provides:

> In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—(A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under [the Bankruptcy Code]; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and (E) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

*Id.* at § 330(a)(3).

30. In determining the "extent and value of compensation," the Seventh Circuit endorses the "'lodestar' approach—multiplying the number of actual and necessary hours reasonably expended by a reasonable hourly rate[.]" *In re Wildman*, 72 B.R. 700, 712 (Bankr. N.D. Ill. 1987) (Schmetterer, J.); *accord In re UNR Indus.*, 986 F.2d 207, 210-11 (7th Cir. 1993) (lodestar approach provides fair compensation under Section 330); *see also City of Burlington v. Dague*, 505 U.S. 557, 562 (1992) ("The 'lodestar' figure has, as its name suggests, become the guiding light of our fee-shifting jurisprudence. We have established a 'strong presumption' that the lodestar represents the 'reasonable' fee[.]").

31. The Seventh Circuit has mandated that an "attorney's actual billing rate … is considered to be the presumptive market rate." *Small*, 264 F.3d at 707. Moreover, "[t]he lawyer's regular rate is *strongly presumed* to be the market rate for his or his services." *Moriarty v. Svec*, 233 F.3d 955, 965 (7th Cir. 2000) (emphasis added), *cert. denied*, 532 U.S. 1066 (2001).

32. Additionally, under generally accepted standards, if the services of an attorney employed under Section 327 are reasonably likely to benefit the estate, they should be compensable. *See Andrews & Kurth LLP v. Family Snacks, Inc. (In re Pro-Snax Distributors, Inc.)*,157 F.3d 414, 421 (5th Cir. 1998); *In re Ames Dep't Stores, Inc.*, 76 F.3d 66, 71 (2d Cir. 1996); 2 Lawrence P. King, Collier on Bankruptcy ¶ 330.04 at 330-43 (15th ed. rev. 1999); *cf.* 11 U.S.C. § 330(a)(4)(A)(ii)(I). In this same context, "[n]ecessary services are those that aid the professional's client in fulfilling its duties under the Code." *In re Ben Franklin Retail Store, Inc.*, 227 B.R. 268, 270 (Bankr. N.D. Ill. 1998) (Barliant, J.).

33. The average hourly billing rate for the attorneys who performed the Services—that is, the "lodestar" rate—is $261.20. This average rate is fair and reasonable in light of the services provided and the experience of FactorLaw's professionals. Moreover, the compensation requested by the FactorLaw is reasonable based upon the customary compensation charged by comparably skilled practitioners in either non-bankruptcy or bankruptcy cases.

{00053179}    6

## NOTICE

34. Pursuant to Federal Rule, Bankruptcy Procedure 2002, this Application was served on all creditors who have filed claims in this Case, the U.S. Trustee, the Debtor, and the Debtor's attorney.

**WHEREFORE**, FactorLaw respectfully requests that this Court enter an Order:

A. Allowing FactorLaw compensation for actual, necessary legal services in the amount of **$6,726.50** and reimbursement of expenses in the amount of **$57.10**;

B. Authorizing the Trustee to pay FactorLaw compensation and expense reimbursement in the total amount of **$6,783.60**; and

C. Granting such other relief as the Court deems just and equitable.

Dated: February 10, 2016         **THE LAW OFFICE OF WILLIAM J. FACTOR, LTD.**

                                 By: */s/ Sara E. Lorber*

Sara E. Lorber (6229740)
Ariane Holtschlag (6294327)
**FACTORLAW**
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel:   (312) 878-4830
Fax:   (847) 574-8233

{00053179}                                 7